UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

J. L. SUMMERS                                    CIVIL ACTION

VERSUS                                           NUMBER: 11-1962

BENEDICT WILLARD                                 SECTION: "B"(5)

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, J. L. Summers, against defendant, the Honorable Benedict Willard, Judge of Section "C" of the Criminal District Court for the Parish of Orleans, State of Louisiana.

Plaintiff is an individual who pled guilty to unlawful use/possession of drug paraphernalia before Judge Willard on August 3, 2011 and was sentenced to six months imprisonment, suspended and with credit for time served, six months of inactive probation, and 100 hours of community service. (See attached docket master in case No. 502-836 "C").  Plaintiff alleges that the time that he served in jail prior to his plea amounts to a double jeopardy violation for which he now seeks monetary damages from Judge Willard.

Plaintiff has instituted suit herein in forma pauperis pursuant to 28 U.S.C. §1915.  A proceeding brought in forma pauperis may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact. Booker v. Koonce, 2 F.3d 114 (5ᵗʰ Cir. 1993).  See also 28 U.S.C. §1915A(b); 42 U.S.C. §1997e(c).  Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous.

The alleged transgression of Judge Willard of which plaintiff complains concerns a matter that is pending on that Judge's docket, namely, plaintiff's state court criminal proceeding.  Such conduct is clearly judicial in nature, triggering the application of judicial immunity.  Jones v. Judge of the 129ᵗʰ, Harris County District Court, 113 Fed.Appx. 603, 604 (5ᵗʰ Cir. 2004)(citing Boyd v. Biggers, 31 F.3d 279, 285 (5ᵗʰ Cir. 1994)).  Plaintiff's §1983 claim against Judge Willard in his individual capacity falters due to the absolute judicial immunity that the Judge enjoys.  Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978); Graves v. Hampton, 1 F.3d 315, 317-18 (5ᵗʰ Cir. 1993).  Further, any such claim brought against Judge Willard in his official capacity fails for two reason.  First, the Judge is a state official and state officials acting in that capacity are not considered to be "persons" within the meaning of §1983.  Washington v. Louisiana, 2009 WL 2015556 at

*5 (E.D. La. June 30, 2009).  Second, because an official-capacity claim against the Judge is, in reality, a claim against the state itself, any such claim is barred by the Eleventh Amendment. Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 188 (5th Cir. 1986); Doris v. Van Davis, 2009 WL 382653 at *2 (E.D. La. Feb. 12, 2009). Moreover, unless and until plaintiff is able to have his conviction invalidated by an appropriate state or federal tribunal, he has no §1983 cause of action respecting his drug-related conviction. Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994). Plaintiff's §1983 claim should thus be dismissed with prejudice under §1915(e)(2)(B)(i) as lacking an arguable basis in law and fact.  See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that

such consequences will result from a failure to object.  <u>Douglass</u>

<u>v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u>

<u>banc</u>).

    New Orleans, Louisiana, this  <u>23rd</u>  day of  <u>   August     </u>,

2011.


                                 ALMA L. CHASEZ
                 UNITED STATES MAGISTRATE JUDGE